UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>COURTNEY MARIE PETERSON,<br><br>Defendant. | Case No. 1:25-cr-187-RCT<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST TO SEAL MATERIALS FOR CONSIDERATION AT SENTENCING HEARING |

# ORDER

Defendant requests to seal the Materials for Consideration at Sentencing Hearing, ECF No. 12 ("Materials"). The request states that the Materials "contain[] sensitive personal information and references to previously sealed documents." *Id.* at 1 n.1. The Materials submitted consist of a character reference letter by a friend of Defendant.

Generally, court documents are openly filed and presumptively available to the public. *See Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1466–67 (9th Cir. 1990). A party seeking to seal a document or record bears the burden of overcoming that presumption of openness by meeting the "compelling reasons" standard. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "That is, the party must articulate compelling reasons supported by specific

factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (citation modified). The court must then "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* (citation modified).

Defendant has not meaningfully addressed this standard and has thus failed to carry her burden of persuading the Court that the Materials should be sealed. Instead, she says only that the Materials "contain[] sensitive personal information and references to previously sealed documents." This is not specific enough to convince the Court that the entirety of the Materials should be sealed.

Nevertheless, the Court will deny this request without prejudice to the extent that the Court will allow Defendant the opportunity to file a motion to redact specific portions of the Materials. The Court will allow Defendant 14 days in which to file this motion. The Materials on file will remain under seal until the Court has had a chance to rule on any supplemental motion to redact specific portions of the documents offered by the defense.

**IT IS ORDERED** that Defendant Peterson's request to seal Materials for Consideration at Sentencing Hearing (Dkt. 12) is **DENIED WITHOUT PREJUDICE** to reconsider redacted materials to be offered by further motion in 14 days.

**IT IS FURTHER ORDERED** that Defendant Peterson may file a supplemental motion to redact portions of the Materials for Consideration at Sentencing Hearing (Dkt. 12) within 14 days of this Order.  If no such motion is filed at the expiration of the due date, the Clerk shall unseal Dkt. 12 without further order from this Court.  If Defendant Peterson files a supplemental motion to redact portions of the Materials, Dkt. 12 shall remain sealed until further order of this Court.

**IT IS SO ORDERED.**

DATED: October 07, 2025

*Richard C. Tallman*
Richard C. Tallman
UNITED STATES CIRCUIT JUDGE